or oral argument was People v. Godfrey. Mr. Godfrey, your honors, based on the testimony and his motion to withdraw his guilty plea that was elicited by Judge Schwartz himself, has trouble reading. He has difficulty understanding his own words, bar words, and he requires help. Despite that, the only way he received any admonishments at his guilty plea hearing about the constitutional rights that are enumerated in Supreme Court Rule 402A was through a preprinted form. On top of that, the form did not contain his right to persist in a plea not guilty or persist in a plea of not guilty. To that end, the singular issue before this Court is whether the Circuit Court erred by denying his motion to withdraw his guilty plea, whether the Circuit Court did not substantially comply with Rule 402A, whether it did not give oral admonishments about his constitutional rights, and the preprinted form was missing one of those essential rights. Put differently, the issue is, are incomplete written admonishments sufficient to substantially comply with Rule 402A when they are not accompanied by oral admonishments? I submit to Your Honor that the answer is no, and that's based both on the plain language of Rule 402 and decisions of Illinois appellate courts. Rule 402 itself says that the Circuit Court shall address the defendant in open court, informing him of the components of Rule 402A and determining whether he or she understands those components. On top of that, Illinois courts, including this Court, have said that written admonishments are not sufficient on their own. They may be a complement to oral admonishments, but they cannot be a substitute. And the reason for that is twofold. Firstly, by orally admonishing a defendant about his fundamental rights, the Circuit Court is better able to ascertain whether the defendant's understanding of those rights is accurate and whether his plea is voluntary. The second component of that is that by admonishing a defendant orally, the Circuit Court creates a more developed appellate record. So when the case reaches this courthouse, we all have a developed record wherein the Circuit Court has orally admonished the defendant. He has said, yes, I understand this right. Yes, I understand this right. And we know, because the Circuit Court said it out loud, what actually went into the defendant's ears. In Cummings, the appellate court said the point of oral admonishments is to combat the quote-unquote evil that is contrived and rehearsed guilty plea hearings. I have this form. Did you sign this? Yes, I did. Did you understand it? Yes, I did. Do you have any questions? No, I don't. Was this a fully, this was a, I thought it was a fully negotiated plea, correct? It was, Your Honor. You got 10 years plus a two-week parole. Yes, that's correct. But it was fully negotiated? I believe so, yes. And you mentioned that he had trouble understanding large, or reading large words. Yes, that was his testimony. You didn't say any more about him. Did he have a big prior record? He does, Your Honor. And what is that? I'm not sure I understand your question. I mean, well, if it's a negotiated plea, the judge is going to have to weigh the record versus, you know, the PSI or whatever. Did they have one, PSI? I don't recall. Okay. I don't want to represent one way or the other. Okay. But he had a prior? Yes. Okay. And it was a fully, my thing was, was it fully negotiated? That was the question. I believe it was. Okay, thank you. Mr. Godfrey's original guilty plea hearing really sort of embodies precisely why the appellate courts have said oral enlargements are so important. Because what happened with him was, he received a form, he signed it, he was asked if he read it, if he understood it, he answered yes. But we don't know, especially given his testimony that was elicited by Judge Schwartz that he has trouble reading, we don't know exactly what he understood his rights to be. We don't know if he read the form and grossly misunderstood what his rights are. Weren't they orally given that he could get a maximum of X? He was admonished, Your Honor, orally about the nature of the charges and the possible penalties. What was it, what did he say? What were the possible penalties? 30? I believe it was 6 to 30 because it was class X based on his background. So then on, if it's fully negotiated, if you win the case, he can get 30 years. If he goes back and loses. If he goes back to trial, yes. Okay. Was he made aware of that in the discussion with him? Your Honor, I'm not sure I'm comfortable answering your questions. Does he know what he could get possibly if it gets reversed and he gets found guilty? Yes. Okay. The problem with Mr. Gottfried's plea here is that when, it's a situation of where you don't know what you don't know. If you do not understand, how can you possibly articulate that you, and you think you understand, how can you possibly articulate that you don't understand? And the issue here, of course, is substantial compliance. And the appellate court has defined that in a couple different ways. For example, in Davis, the appellate court said, if an ordinary person in the circumstances of the accused would understand them being the admonishments as conveying the information required by Rule 402, the circuit court has complied with the rule. Now on that basis, the record does not reflect substantial compliance because we only know that he read the form, he said he understood it, he didn't have questions. But of course, the form was also missing one of his essential fundamental rights. The other alternative, as the appellate court said in Dougherty, is that the court need not recite every principle in the rule, but the record must specifically and affirmatively show that the defendant understood all of the principles. And I would suggest, Your Honors, that on this record, the record does not demonstrate that because logically, how can the record possibly demonstrate he understood all of the principles in 402A if one of those principles he was never told about in any way, shape, or form on top of the fact that the record isn't demonstrating specifically what he understands and how he understands them. The record only shows he read the form, he understood the form. We don't know what his understanding is. That is the problem oral admonishments rectify because we have the judge saying, you have a right to a trial by judge or jury, do you understand that? We know as going into the defendant's head, you have a right to confront the witnesses against you, do you understand that? And the circuit court's ruling at the motion to withdraw the guilty plea really embodies the reasoning, the rationale for Judge Schwartz's ruling really embodies precisely this problem. His explanation for why he denied the motion to withdraw the guilty plea was that Mr. Godfrey said he understood his rights and that he signed the guilty plea form and did not say anything to indicate he did not understand. And of course, the logical problem there is when you're relying solely on the written form which the appellate court has said is not a substitute, we have no record of what he actually understands his rights to be. We have a gap in the record and we have a gap in the circuit court's ability to determine the voluntariness of the plea. So based on that, Your Honors, I would urge this court to find that the circuit court did not substantially comply with Rule 402A and if Your Honors have no further questions I would ask this court to reverse the judgment of the circuit court and remand to allow Mr. Godfrey to plea anew. Thank you, Counsel. Counsel? May I please the Court? Counsel? My name is Sharon Shanahan. I represent the people of the state of Illinois. I started your morning and now I'm ending your morning. Justice Ross, just to sort of answer your question  I think it's important to understand that the defense prior history I looked at his DOC printout it's four pages long. That's how many priors he has. That much to... And that was certainly a... So there is a possibility he could get more than 10 years if he was tried. Oh, absolutely. He could get 30. And he was told that. So moving to the specifics of this case In reviewing it admonishments under Rule 402 of the court can consider the entire record in determining whether the accused voluntarily pled guilty. That's what our Supreme Court said in France. And failure to admonish the defendant does not perfectly does not automatically establish grounds for reversing a judgment or vacating a plea. Vegas against the Supreme Court. The question is whether real justice has been denied or whether the defendant was prejudiced by the inadequate admonishments. Again, Davis. And I think significantly Davis goes on to say it is the defendant's burden to establish prejudice. Now in here I don't think there's any doubt whatsoever that this defendant was adequately admonished. Just going through the things that he was that should be conveyed the nature of the charge. Well, the trial court informed the defendant that he was charged with residential burglary class 1 felony enhanced to class X based on criminal history. Here's something that wasn't mentioned at all by the defendant defense counsel, they took a break and defense counsel sat down with this client and reviewed the terms of the negotiated plea with the defendant defense counsel noted after this that the defendant had agreed to enter into a plea of guilty to count on residential burglary due to his criminal history increasing it to class X. The written plea also says that it's a plea of guilty since this class and it also says that the defendant understood the nature of the offense minimum and maximum sentences. Trial court informs the defendant based on class X enhancement his crime was punishable by 6 to 30 years and was not probationable. The plea itself stated that the defendant understood the penalties. Again this is the defense counsel has reviewed all of this with the defendant. Moving on to the third thing the right to plead not guilty persist in that plea if he has already been made or to plead not guilty the defendant, a very experienced defendant knew he had the right to plead not guilty he'd already done that he also knew he had the right to plead guilty which was the very stating purpose of that hearing and the title of the document that the defendant signed that there will be a waiver of trial and he will be waiving the right to confront witnesses against him again defense counsel told the trial court he just reviewed the terms of the negotiated disposition of the defendant the plea of guilty stated that he was giving up his right to any trial including his right to a jury trial. It also stated that he was giving up his right to confront witnesses the trial court this I found very important. After this conference with his own attorney there's this discussion with the trial court trial court shows the defendant the guilty plea form asks him if he read it yes asks him if he understood it yes asks him if he had any questions about it no. Those answers have to mean something if there were big words in it that he didn't understand well certainly he had this conference with his own attorney where he could say I don't understand that word and it would have been explained to him if that were the case and certainly if he didn't understand the big words he had a right to when he said did you understand what you read well that's the chance you have you have to assume that these admonishments mean something you have to assume that the answers to the admonishments mean something trial court went on to explain excuse me defense counsel certified as an officer of the court that he had fully explained and answered all the defendant's questions concerning the guilty plea including its terms and ratification trial court says is this what you want to do and he says yes as to the terms of the plea and the voluntariness this was a negotiated plea with a specified sentence the written plea says that there were no threats prosecutor in the defendant's presence says it was a negotiated plea where the defendant would receive 10 years defense counsel said in the defendant's presence same thing the plea of guilty states that there were no promises, threats or anything like that and the trial court specifically stated that the plea was knowing and voluntary and then finally there was a factual basis so I think to summarize my argument here, when all admonishments are coupled with comprehensive written guilty plea, which the defendant admittedly read and understood there is substantial compliance with rule 402 the defendant made a nation charge the maximum sentence the right to plead guilty the right to wait a trial the terms of the plea and the factual basis and if you, I would direct this court to the state's discussion of people versus doherty in which a very similar situation arose where the trial court's discussion combined with the guilty plea were found to be substantially compliant with rule 402 the doherty court said that substantial compliance means that although the trial court did not recite to the defendant and ask the defendant if he understood all the components of rule 402a the record nevertheless affirmatively and specifically shows that the defendant understood them the doherty court went on to note that the defendant stated in open court that he understood the terms of his plea he was informed by pleading guilty he was waiting his right to a jury trial he was informed of the terms of the plea he was informed that the maximum sentence, or what the maximum sentence was, he stated he understood it, the record itself also indicated that on the day of the plea hearing the defendant signed the written plea and in the written plea he was informed of the nature of the charge and understood the minimum and maximum penalties and that he was waiting certain rights the defendant signed the plea acknowledging that he had read it and understood it, the doherty court held that when you consider the oral admonishments together with the comprehensive written guilty plea, that there was substantial compliance with rule 402 and as far as Cummings which the defendant relies upon, Cummings in Cummings the oral admonishments were so lacking that the written form was offered as a near complete substitution, that's not what we have here we have the written plea, we have what the trial court said, we have what defense counsel told his client and affirmed to the court that he had told his client and we have the defendant's own answer saying that he understood everything if there are no other questions I would rely on our brief on the second issue I don't think there are, thank you thank you your honor counsel thank you your honors I want to start by addressing the state's point that the circuit court doesn't have to admonish a defendant perfectly about rule 402 and I agree with that, that's an accurate statement of the law but this court said in Wise that written admonishments are not a substitute and here they absolutely were a substitute, he did not receive any oral admonishments about his constitutional rights, now whether he received oral admonishments about the nature of the charges or the possible penalties is not relevant to this appeal because we're not contesting he wasn't admonished about that he was not admonished about his fundamental constitutional rights and this court said in Wise a written form cannot be a substitute, it's not sufficient on its own while a written form may be a factor in determining the voluntariness if it's accompanied by oral admonishments it's not a substitute it cannot be sufficient on its own the other point I wanted to touch on was the idea of whether the standard is whether a real justice was denied and Mr. Godfrey's testimony of the guilty plea, the motion to withdraw his guilty plea hearing was he did not understand if he had understood he would not have pled guilty and that's reinforced by his testimony that he told his trial attorney repeatedly he wanted to go to trial and his attorney didn't agree with him now whether that happened or not either way it reflects that he did not understand that the right to plead not guilty was his right and his right alone and his the state's argument that defense counsel explained the terms of the plea to him also is kind of going off on a different path because defense counsel never said I explained this constitutional rights to him, he said I explained the terms of the deal and Mr. Godfrey's testimony at the motion to withdraw his guilty plea hearing was unrefuted when he said my attorney never explained my rights to me so that's not relevant to this issue either I also want to touch on the idea that his answers to the trial judge's questions do you understand, have you read this, do you have any questions the idea that those answers have to mean something, well sure they mean something but they don't necessarily mean what Supreme Court 402 requires them to mean and the state's argument is essentially just going in a circle and avoiding the problem of there have to be oral admonishments the appellate court has said there have to be oral admonishments rule 402 says it shall be an open court it's sidestepping the issue here which is Mr. Godfrey did not receive oral admonishments about his fundamental constitutional rights and the written form did not contain one of those rights so no matter what he was not fully admonished about his fundamental essential constitutional rights here, namely his right to plead not guilty or persist in a plea of not guilty the fact that he has he has a criminal history doesn't guarantee that he understood it then either and on top of that this court in Wise said that the failure to admonish a defendant excuse me, something in my eye the failure to admonish a defendant about his right to plead not guilty or persist in a plea of not guilty when accompanied by other 402 errors is fatal to the validity of a guilty plea and that is exactly what we have here we have a defendant who was not admonished in any shape or form about that particular right and he received no oral admonishments about his other accompanying constitutional rights so I would suggest, your honors, we have one error that is according to Wise, fatal to his guilty plea accompanied by other errors so I would urge this court to reverse the judgment of the circuit court and remand to allow him to enter a new plea I have one question. At what date did this happen about? How old is this case? Do you know offhand? I believe the original guilty plea was in 2014 so he's been in penitentiary for about 4 years if you'd like me to, I can check well that's ok is this an 85% case? I believe so I believe it was 2014 and then the motion to withdraw his guilty plea was just in 2017 just curiosity I believe I might be flubbing the dates, if I am, I apologize thank you thank you counsel we appreciate the briefs and arguments of counsel we'll take the case under advisement the issue will be in the due course